# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>PORT OF TACOMA, a Municipal Corporation, DEMCO, INC., a New York State Corporation, WAKA GROUP, INC., a Washington State Corporation, SCARSELLA BROTHERS, INC., a Washington State Corporation, and THE STATE OF WASHINGTON,<br><br>　　　　Defendants. | No. _____ |

## THE UNITED STATES' COMPLAINT

The United States of America ("United States"), through its undersigned attorneys, by the authority of the Attorney General, and at the request of the United States Environmental Protection Agency ("EPA"), alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action commenced under sections 309(b) and (d) of the Clean Water Act ("CWA" or "the Act"), 33 U.S.C. § 1319(b) & (d).  The United States seeks injunctive relief and civil penalties against the Port of Tacoma ("the Port"), DEMCO, Inc. ("DEMCO"), Waka Group, Inc. ("Waka Group"), and Scarsella Brothers, Inc. ("Scarsella Brothers") (collectively, "Defendants"), for violating CWA Section 301, 33 U.S.C. § 1311, by discharging dredged or fill material into waters of the United States in Tacoma, Washington without a permit issued pursuant to CWA section 404, 33 U.S.C. §§ 1344.

2. In this action, the United States seeks: (a) to require Defendants to pay civil penalties under 33 U.S.C. § 1319(d), and (b) to require Defendants to restore the affected waters of the United States to their pre-fill condition at their own expense and under the direction of EPA.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action under CWA section 309(b), 33 U.S.C. § 1319(b), and 28 U.S.C. §§ 1331, 1345, and 1355.

4. Venue is proper in the United States District Court for the Western District of Washington under CWA section 309(b), 33 U.S.C. § 1319(b), and 28 U.S.C. § 1391(b) and (c) because the Defendants conduct business in this District, the subject properties are located in this District, and the cause of action alleged herein arose in this District.

5. Notice of the commencement of this action has been provided to the State of Washington in accordance with CWA section 309(b), 33 U.S.C. § 1319(b).

## THE PARTIES

6. The Plaintiff is the United States of America. The United States Department of Justice is vested with the authority to bring this action under 28 U.S.C. §§ 516 & 519, and 33 U.S.C. § 1366.

7. Defendant Port of Tacoma is a municipal corporation organized under the laws of the State of Washington that owns and operates a seaport in Tacoma, Washington, with a business address of One Sitcum Plaza, Tacoma, Washington 98421.

8. The Port of Tacoma is a "municipality" within the meaning of CWA section 502(4), 33 U.S.C. § 1362(4), and a "person" within the meaning of CWA section 502(5), 33 U.S.C. § 1362(5).

9. Defendant DEMCO is a privately-held corporation, incorporated under the laws of the State of New York, which conducts business in the Western District of Washington and has a registered agent at 1800 West Bay Drive, NW, Suite 206, Olympia, Washington 98501.

10. Defendant Waka Group is a privately-held corporation, incorporated under the laws of the State of Washington, and has a business address of 1423 East 29th Street, Suite 309, Tacoma, Washington 98404.

11. Defendant Scarsella Brothers is a privately-held corporation, incorporated under the laws of the State of Washington, and has a business address of 8404 South 196th Street, Kent, Washington 98031.

12. Defendant the State of Washington is named as a defendant in this action solely in accordance with the requirements of CWA section 309(e), 33 U.S.C. § 1319(e).

## STATUTORY AUTHORITY

13. CWA section 404(a), 33 U.S.C. § 1344(a), authorizes the Secretary of the Army,

acting through the Chief of Engineers, to issue permits for the discharge of dredged or fill material to navigable waters at specified disposal sites.

14. CWA section 301(a), 33 U.S.C. § 1311(a), prohibits the discharge of any pollutant, including dredged or fill material, by any person from any point source to navigable waters unless that discharge is authorized by a permit issued under CWA section 402 or 404, 33 U.S.C. §§ 1342 & 1344.

15. "Pollutant[s]" that may not be discharged without a permit under CWA section 301(a), 33 U.S.C. § 1311(a), include dredged spoils, fill, rock, and dirt.

16. CWA section 502(7), 33 U.S.C. § 1362(7) defines "navigable waters" as "the waters of the United States, including the territorial seas."  In turn, 33 C.F.R. §§ 328.3(a)(1), (2), (5) and (7) and 40 C.F.R. § 232.2 define "waters of the United States" to include: (i) all waters which are currently used, were used in the past, or may be susceptible to use in interstate or foreign commerce, including all waters which are subject to the ebb and flow of the tide; (ii) all interstate waters; (iii) tributaries to such waters; and (iv) wetlands adjacent to such waters or their tributaries.

17. 33 C.F.R. § 328.3(b) and 40 C.F.R. §§ 122.2 and 232.2 define "wetlands" as "those areas that are inundated or saturated by surface or ground water at a frequency and duration sufficient to support, and that under normal circumstances do support, a prevalence of vegetation typically adapted for life in saturated soil conditions."

18. CWA section 502(14), 33 U.S.C. § 1362(14), defines "point source" to include "any discernible, confined and discrete conveyance . . . from which pollutants are or may be discharged."

United States' Complaint
Civil Action No. _____
4
United States Department of Justice
Environment and Natural Resources Division
601 D Street, NW
Washington, D.C. 20004
(202) 514-1880

19. CWA section 502(5), 33 U.S.C. § 1362(5), defines "person" to include "an individual, corporation, partnership, association, State, municipality, commission, or political subdivision of a State, or any interstate body."

20. CWA section 309(b), 33 U.S.C. § 1319(b), authorizes the commencement, by the United States, of a civil action for appropriate relief, including a permanent or temporary injunction, against any person who violates CWA section 301(a), 33 U.S.C. § 1311(a).

## GENERAL ALLEGATIONS

### I. The Hylebos Marsh Site

21. The Port of Tacoma owns, possesses, or controls real property identified as tax parcels 0321263045, 0321352064, and 0321263016, on the Blair-Hylebos Peninsula in the City of Tacoma, Pierce County, Washington. Collectively, these three parcels are hereinafter referred to as the "Hylebos Marsh."

22. Hylebos Marsh contains "wetlands" within the meaning of 40 C.F.R. § 230.3(t) and 33 C.F.R. 328.3(b).

23. These wetlands are approximately 810 feet from the Blair Waterway and approximately 930 feet from the Hylebos Waterway, both of which are subject to the ebb and flow of the tide.

24. Both Blair Waterway and Hylebos Waterway are "navigable water[s]" within the meaning of CWA section 502(7), 33 U.S.C. § 1362(7), and "water[s] of the United States" within the meaning of 40 C.F.R. § 230.3(s)(1) and 33 C.F.R. § 328.3(a)(1).

25. A series of ditches, culverts, swales, and/or storm sewer drainages convey water from Hylebos Marsh to the Blair and Hylebos Waterways.

United States' Complaint  
Civil Action No. _____

5

United States Department of Justice  
Environment and Natural Resources Division  
601 D Street, NW  
Washington, D.C. 20004  
(202) 514-1880

26. On information and belief, a shallow subsurface hydrological connection exists between the Hylebos Marsh and the Blair and Hylebos Waterways.

27. The Hylebos and Blair Waterways both flow directly into Commencement Bay, which is also subject to the ebb and flow of the tide, and a "navigable water" within the meaning of CWA section 502(7), 33 U.S.C. § 1362(7), and a "water of the United States" within the meaning of 40 C.F.R. § 230.3(s)(1) and 33 C.F.R. § 328.3(a)(1).

28. The wetlands at Hylebos Marsh, either alone or in combination with similarly situated wetlands in the region, contribute to maintaining the chemical, physical, and biological integrity of Hylebos Waterway, Blair Waterway, and Commencement Bay.

29. On or about October of 2008, the Port of Tacoma contracted with DEMCO to conduct "clearing, grubbing, and subsequent leveling of [Hylebos Marsh]."

30. DEMCO subcontracted with Waka Group to perform this work.

31. The Port of Tacoma, DEMCO, and Waka Group are all "persons" within the meaning of CWA section 502(5), 33 U.S.C. § 1362(5).

32. Between approximately October 2008 and November 2008, the Port of Tacoma and/or persons acting on its behalf used excavators, bulldozers, trackhoes, and other mechanized land-clearing equipment to discharge dredged material and organic debris to approximately 4.4. acres of wetlands at Hylebos Marsh.

33. The excavators, bulldozers, trackhoes, and other mechanized equipment constitute "point sources" within the meaning of CWA section 502(14), 33 U.S.C. § 1362(14).

34. The materials that the Port of Tacoma and/or persons acting on its behalf discharged into Hylebos Marsh included rocks, dirt, and biological materials, all of which constitute "pollutant[s]" within the meaning of CWA section 502(6), 33 U.S.C. § 1362(6).

United States' Complaint  
Civil Action No. _____

6

United States Department of Justice  
Environment and Natural Resources Division  
601 D Street, NW  
Washington, D.C. 20004  
(202) 514-1880

35. None of the Defendants obtained a CWA Section 404 permit from the Secretary of the Army authorizing the work undertaken at Hylebos Marsh between October and November of 2008, or the placement of dredged and fill materials into wetlands on Hylebos Marsh during that same time period.

**II.     The Wetland EB-1B Site**

36. The Port of Tacoma owns, possesses, or controls real property identified as tax parcel 0321363036, in Pierce County, Washington. The City of Tacoma owns, possesses, or controls real property identified as tax parcel 0321363025, in Pierce County, Washington. The properties are located on the Blair-Hylebos Peninsula in Tacoma, Washington. Collectively, the two parcels are referred to as "Wetland EB-1B."

37. Wetland EB-1B contains "wetlands" within the meaning of 40 C.F.R. § 230.3(t) and 33 C.F.R. § 328.3(b).

38. These wetlands are approximately 345 feet from the Blair Waterway, which is subject to the ebb and flow of the tide.

39. Blair Waterway is a "navigable water" within the meaning of CWA section 502(7), 33 U.S.C. § 1362(7), and a "water of the United States" within the meaning of 40 C.F.R. § 230.3(s)(1) and 33 C.F.R. § 328.3(a)(1).

40. On information and belief, a shallow subsurface hydrological connection exists between Wetland EB-1B and the Blair Waterway and/or Hylebos Waterway.

41. The Blair and Hylebos Waterways flow directly into Commencement Bay, which is also subject to the ebb and flow of the tide, and a "navigable water" within the meaning of CWA section 502(7), 33 U.S.C. § 1362(7), and a "water of the United States" within the meaning of 40 C.F.R. § 230.3(s)(1) and 33 C.F.R. § 328.3(a)(1).

42. The wetlands at Wetland EB-1B, either alone or in combination with similarly situated wetlands in the region, contribute to maintaining the chemical, physical, and biological integrity of Blair Waterway, Hylebos Waterway, and Commencement Bay.

43. On information and belief, on or about August of 2006, the Port of Tacoma directed Scarsella Brothers to place fill materials, including soils, rocks, asphalt, and concrete, in Wetland EB-1B.

44. The Port of Tacoma and Scarsella Brothers are both "persons" within the meaning of CWA section 502(5), 33 U.S.C. § 1362(5).

45. The Port of Tacoma and/or persons acting on its behalf used excavators, bulldozers, and other mechanized equipment to discharge approximately 1,920 cubic yards of fill material to 1.13 acres of wetlands at Wetland EB-1B.

46. The Port of Tacoma directed, oversaw, and approved this work.

47. The excavators, bulldozers, and mechanized equipment constitute "point sources" within the meaning of CWA section 502(14), 33 U.S.C. § 1362(14).

48. The materials discharged into Wetland EB-1B included a mixture of soil and pieces of concrete and asphalt, all of which constitute "pollutant[s]" within the meaning of CWA section 502(6), 33 U.S.C. § 1362(6).

49. None of the Defendants obtained a CWA Section 404 permit from the Secretary of the Army authorizing the work undertaken at Wetland EB-1B on or about August, 2006, or the placement of dredged and fill materials into wetlands at Wetland EB-1B during that same time period.

United States' Complaint  
Civil Action No. _____

8

United States Department of Justice  
Environment and Natural Resources Division  
601 D Street, NW  
Washington, D.C. 20004  
(202) 514-1880

# CLAIM FOR RELIEF

## Discharges of Dredged or Fill Material Without a Section 404 Permit

50.  The United States incorporates Paragraphs 1−49 above as if fully set forth herein.

51.  Through the activities described in Paragraphs 21−35 above, Defendants the Port of Tacoma, DEMCO, and Waka Group discharged dredged or fill material into waters of the United States, impacting a total of approximately 4.4 acres of wetlands at the Hylebos Marsh site.

52.  Through the activities described in Paragraphs 36−49 above, Defendants the Port of Tacoma and Scarsella Brothers discharged dredged or fill material into waters of the United States, impacting a total of approximately 1.13 acres of wetlands at the EB-1B site.

53.  All wetlands to which Defendants discharged dredged or fill material at both Hylebos Marsh and Wetland EB-1B are "waters of the United States" within the meaning of the CWA and regulations promulgated thereunder.

54.  Defendants do not have, and have never had, a permit issued under section 404 of the CWA, 33 U.S.C. 1344, authorizing the discharges of dredged or fill material described in Paragraphs 19−49.

55.  The discharges of dredged or fill material described in Paragraphs 19−49 violated and continue to violate CWA Section 301(a), 33 U.S.C. § 1311(a).

56.  As of the filing date of this Complaint, the dredged and fill materials referenced in Paragraphs 19−49 remain in place.

57.  Each day that the dredged or fill materials described in Paragraphs 19−49 remains in the wetlands constitutes a separate violation of CWA Section 301(a), 33 U.S.C. § 1311(a).

58. Under CWA Sections 309(b) and (d), 33 U.S.C. §§ 1319(b) and (d), and the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3701, Defendants are liable for a civil penalty of up to $32,500 ($37,500 for violations occurring after January 12, 2009) per day for each violation of CWA Section 301(a), 33 U.S.C. § 1311(a).

59. Unless this Court compels Defendants to restore the wetlands to their pre-violation conditions, Defendants are likely to allow dredged or fill material to remain in the wetlands in violation of CWA Section 301, 33 U.S.C. § 1311.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, the United States of America, respectfully requests that this Court order the following relief:

I. Order all Defendants to pay civil penalties, pursuant to CWA Section 309(d), 33 U.S.C. § 1319(d), per day for each violation of CWA Section 301(a);

II. Order Defendants, or any combination thereof, to completely restore the waters of the United States at the Hylebos Marsh and Wetland EB-1B sites to their pre-violation conditions and/or to conduct off-site mitigation for irreversible environmental damage, all at Defendants' own expense and at the direction of EPA;

III. Award the United States costs and disbursements in this action; and

IV. Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources Division

Dated: April 1, 2011        /s/ Austin D. Saylor
                            KENT E. HANSON
                            AUSTIN D. SAYLOR

United States Department of Justice
Environment and Natural Resources Division
Environmental Defense Section
601 D Street, N.W., Suite 8000
Washington, DC 20004
(202) 514-2327 (Hanson);(202) 514-1880 (Saylor)
Fax: (202) 514-8865
kent.hanson@usdoj.gov
austin.saylor@usdoj.gov

JENNY A. DURKAN
United States Attorney for the
Western District of Washington

BRIAN C. KIPNIS
Assistant United States Attorney
700 Stewart Street
Suite 5220
Seattle, WA 98101
(206) 553-7970
brian.kipnis@usdoj.gov

OF COUNSEL:

Ankur K. Tohan
Assistant Regional Counsel
United States Environmental Protection Agency
Region 10
1200 Sixth Avenue, Suite 900 (ORC-158)
Seattle, WA 98101

United States' Complaint
Civil Action No. _____

11

United States Department of Justice
Environment and Natural Resources Division
601 D Street, NW
Washington, D.C. 20004
(202) 514-1880